UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

CHRISTIAN LIVERMAN,
                   Defendant.

19-CR-761-13 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Defendant Christian Liverman and thirteen codefendants have been charged with various crimes including narcotics conspiracy and firearms offenses. (*See* Dkt. No. 79.) Defendant was arrested on October 24, 2019, and detained on consent without prejudice to a later bail application. (*See* Dkt. No. 17.) On October 30, 2019, this Court conducted a bail hearing. Following that hearing, the Court ordered Defendant held without bail on the grounds that Defendant poses a danger to the community and that no combination of conditions could assure the safety of the community if he were released. (Dkt. No. 95-1 at 20–21.)

      On April 6, 2020, Defendant filed an application for bail, arguing that the COVID-19 pandemic poses a health risk to Defendant in confinement, warranting his temporary release on bail. (*See* Dkt. No. 93.) The Government has opposed Defendant's application. (See Dkt. No. 95.)

      Temporary release under 18 U.S.C. § 3142(i) is authorized if "release [is] necessary for preparation of the person's defense or for another compelling reason." The proper inquiry is a balancing test. That is, to determine whether release is justified for a "compelling reason," the Court must "balanc[e] the reasons advanced for release against the risks posed by release." *United States v. Chambers*, No. 20-CR-135, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020).

1

Defendant represents that he was recently taken to the infirmary at the MCC because he was coughing up blood.  The medical records provided by the MCC to counsel for the Government, however, indicate that Defendant was being treated for a temporary condition unrelated to respiratory issues or COVID-19 risk factors.  Defendant does not provide any information suggesting that Defendant, who is 28 years old, suffers from any condition that presents a high risk for COVID-19.

Defendant is certainly correct that the COVID-19 pandemic presents an extraordinary situation.  The situation is particularly concerning with respect to prison and jail populations because "inmates may be at a heightened risk of contracting COVID-19 should an outbreak develop."  *United States v. Stephens*, No. 15-CR-95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020) (collecting authorities).  Defendant, however, has not provided any reason for concluding that he is at greater risk of danger from COVID-19 than any other inmate.  And while there is a strong case for reducing jail and prison populations generally during this pandemic, such a goal must be achieved "on a case-by-case basis," considering all relevant factors including, importantly, the danger posed by the defendant's release.  *Id.*  For the reasons discussed at the October 30, 2019 bail hearing, the Court has found that Defendant's release would pose a danger to the community.  Defendant has offered no reason to reconsider that finding, and the Court adheres to it.  Applying the balancing test required by 18 U.S.C. § 3142(i), the Court concludes that there is not a "compelling reason" for Defendant's temporary release at this time.

Defendant also argues that his detention interferes with his right to counsel.  Due to the extraordinary situation presented by the pandemic, the BOP is currently preventing in-person visits between inmates and counsel.  That restriction is temporary and appears to be reasonable

under the present circumstances. The BOP is taking steps to improve access to remote communications with counsel. In light of the procedural status of this case, Defendant is not likely to be prejudiced by the lack of in-person access to counsel in the near future.

Finally, Defendant argues that his detention is in violation of the Due Process Clause of the Constitution. The Court disagrees. Pretrial detention under the Bail Reform Act is regulatory in nature and does not violate due process. *United States v. Salerno*, 481 U.S. 739, 747 (1987). For the reasons addressed above, pretrial detention here is warranted to assure the safety of the community, and Defendant's medical situation does not justify his release.

Accordingly, Defendant's motion for temporary release is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 93.

SO ORDERED.

Dated: April 13, 2020
      New York, New York

                                       J. PAUL OETKEN
                                       United States District Judge